JOAN BERNARD ARMSTRONG, Chief Judge.
11The plaintiff, Lorraine Irving, appeals the judgment of the Office of Workers’ Compensation rendered in favor of her employer, Transit Management of Southeast Louisiana, Inc. (“TMSEL”), on October 20, 2009. For the reasons set forth below, we affirm.
Ms. Irving was employed by TMSEL as an operator of a bus designed for the transport of disabled persons. On April 9, 2008, she sustained injuries to her left hip when she tripped over a walker. Ms. Irving was paid workers’ compensation benefits from April 16, 2008, until TMSEL terminated the benefits on July 10, 2008. Ms. Irving’s benefits were later reinstated on November 12, 2008. However, Ms. Irving filed a disputed claim for compensation in order to obtain the nineteen weeks of benefits denied her from July 10, 2008, until November 12, 2008. Ms. Irving also sought penalties and attorney fees due to TMSEL’s alleged unreasonable termination of benefits.
The matter was brought to trial before the workers’ compensation judge (“WCJ”) on October 13, 2009. TMSEL presented medical records from orthopedist Dr. Robert Steiner (“Dr.Steiner”) and general practitioner Dr. Francisco Silva (“Dr.Silva”) to support its claim that Ms. Irving was able to return |ato work on July 10, 2008, when her benefits were discontinued. Ms. Irving introduced medical records from her treating physicians, general practitioner Dr. Gurmukh Bawa (“Dr.Bawa”) and orthopedist Dr. F. Allen Johnston (“Dr.Johnston”) in support of her claim that she was unable to return to her job due to injuries sustained in the work related accident. No live testimony was presented.
Following the submission of evidence, the WCJ rendered judgment stating, in pertinent part: “Irving is entitled to TTD benefits between April 16, 2008 and July 10, 2008 at which time it became clear the employee’s injury had either resolved or was not related to the April 9, 2008 incident, according to the varying medical reports.” Additionally, no attorney fees were awarded. Ms. Irving’s timely appeal to this court followed.
Jurisprudence clearly establishes that in workers’ compensation cases, the appropriate standard of review to be applied by appellate courts is the “manifest error-clearly wrong” standard. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 6 (La.7/1/97), 696 So.2d 551, 556. Accordingly, the findings of the WCJ will not be set aside by a reviewing court unless they are found to be clearly wrong in light of the record viewed in its entirety. Id. The manifest error-clearly wrong standard must be applied, as in the present case, even where the evidence before the trier of fact consists solely of written reports, records, and depositions. Alexander v. Pellerin Marble & Granite, 93-1698 (La.1/14/94), 630 So.2d 706, 710.
On appeal, Ms. Irving argues that the WCJ erred in failing to award past due indemnity benefits between July 10, 2008, and November 12, 2008. Ms. Irving further asserts that the WCJ erred in failing to award attorney fees as a result of TMSEL’s allegedly arbitrary and capricious actions in terminating her benefits. |s Based on the medical evidence contained in the record, we find no manifest error in the judgment below.
Shortly after the April 9, 2008 incident, Ms. Irving began treating with Francisco *799 J. Silva, M.D., of Concentra Medical Centers of Louisiana (“Concentra”), a physician chosen by TMSEL. Ms. Irving also received physical therapy at Concentra. On May 5, 2008, Dr. Silva released Ms. Irving to regular activity, with instructions to return to the clinic as needed.
On May 12, 2008, Ms. Irving saw Gur-mukh S. Bawa, M.D., a physician of her choice who had treated her previously for unrelated medical issues. Dr. Bawa prescribed physical therapy three times a week, medications, and an x-ray of Ms. Irving’s hip and sacral spine. Ms. Irving began physical therapy as prescribed by Dr. Bawa.
On June 23, 2008, Ms. Irving was seen by Robert A. Steiner, M.D., an orthopedic specialist chosen by TMSEL, for a secondary medical opinion. Dr. Steiner reviewed Ms. Irving’s x-rays and recorded Ms. Irving’s complaints of pain in her lower back, left hip, and left shoulder. Dr. Steiner’s report states that he “will place her at a light physical demand level but not yet release her for work as a driver.”
On June 26, 2008, Dr. Steiner forwarded a copy of his medical report to Dr. Bawa for his review, requesting Dr. Bawa’s treatment plan and recommendations for Ms. Irving. On July 7, 2008, Dr. Bawa responded by recommending that Ms. Irving continue physical therapy and medication. Dr. Bawa’s response offered no opinion concerning Ms. Irving’s ability to return to work.
On July 10, 2008, Dr. Steiner completed a questionnaire issued by TMSEL, indicating: (1) Ms. living’s complaints of left shoulder pain were not related to the 14April 9, 2008 incident, stating more specifically, “Had this patient sustained an injury to her shoulder I would have expected her to tell the physicians at Con-centra and her own treating physician, Dr. Bawa, that her left shoulder was injured in the incident in question”; and (2) Ms. Irving “may return to work as a lift bus driver with her current condition.”
Ms. Irving contends that at the time TMSEL terminated her indemnity benefits on July 10, 2008, all of the medical evidence supported the continuation of benefits. We disagree.
The record reflects that Dr. Silva and Dr. Steiner opined that Ms. Irving could return to work as of July 10, 2008. Moreover, at that time, neither Dr. Bawa nor Dr. Johnston contradicted the opinions of Dr. Silva and Dr. Steiner. We do note that on July 28, 2008, following termination of benefits, Dr. Bawa rendered an opinion that Ms. Irving was unable to return to work due to the left hip injury. However, this opinion, and the August 6, 2008 opinion of orthopedist F. Allen Johnston, M.D., Ms. living’s treating orthopedist, was rendered after TMSEL terminated benefits.[1]
The WCJ is afforded considerable discretion in evaluating expert testimony, and the decision to accept the testimony of one witness over the conflicting testimony of another can virtually never be manifestly erroneous. Rosell v. ESCO, 549 So.2d 840, 844-845 (La.1989). We find on the record, taken as a whole, that sufficient credible medical evidence supports the conclusion that the WCJ’s ruling was a reasonable one, and find no manifest error in the ruling.
|BIn determining the factual issue of whether an employer’s actions are arbitrary and capricious, the manifest error standard of review is applied, and the crucial inquiry is “whether the employer can articulate an objective reason for discontinuing benefits at the time it took the *800 action.” Frith v. Riverwood, 04-1086, p. 12 (La.1/19/05), 892 So.2d 7, 15. In the present case, the medical evidence supports the conclusion that TMSEL had a valid reason upon which to terminate benefits on July 10, 2008. Accordingly, we find no error in the WCJ’s denial of attorney fees.
For the foregoing reasons, the judgment of the WCJ is affirmed.
AFFIRMED.

. The record reflects that Ms. Irving was first seen by Dr. Johnston on August 6, 2008.