# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT
### 10-1478

**DAVID BURKETT**

**VERSUS**

**LFI FORT PIERCE, INC.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 4
PARISH OF LAFAYETTE, NO. 08-23484
HONORABLE SHARON MORROW, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

**J. DAVID PAINTER**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and J. David Painter, Judges.

**AFFIRMED AS AMENDED.**

**Kirk L. Landry**
**P.O. Box 1151**
**Baton Rouge, LA 70821**
**Counsel for Defendants/Appellants:**
    **L.F.I. Fort Pierce, Inc. and ESIS, Inc.**

**Mark L. Riley**
**300 Stewart St.**
**Lafayette, LA 70501**
**Counsel for Plaintiff/Appellee:**
    **David Burkett**

**PAINTER, Judge**.

Defendants, LFI Fort Pierce, Inc. d/b/a Labor Finders (Labor Finders) and ESIS, Inc., appeal the judgment of the Office of Workers' Compensation finding that Plaintiff, David Burkett, proved both accident and disability and was temporarily totally disabled from the time of accident, finding that he was entitled to the forty hour presumption for calculation of his average weekly wage, setting his TTD rate at $266.67, and awarding penalties and attorney's fees. For the following reasons, we amend the award of penalties and affirm.

## FACTS

On November 8, 2006, Claimant, David Burkett, was employed by Labor Finders doing construction work. That day, he was sent to work as an electrician's helper at a hotel project in Lafayette, Louisiana. He and Kenny, another employee of Labor Finders, were running outside lights. Kenny was on the exterior side of the wall and, Burkett was on the inside. Burkett alleges that he slipped off the ladder and landed on his left side on the concrete floor. He asserts that his toolbelt injured his left knee. He reported the injury to the secretary at Labor Finders who told him that the manager would take care of it the next Monday. Upon leaving for the day, he, as well as the other employees on the job that day, signed a standardized "Sign Out Sheet & Disclaimer of Work Related Injuries." The sheet contained a verification that no accident had happened under which there was space for a number of people to sign out at the end of the day. He stated that he could not receive his check without doing so. Labor Finders paid benefits and sent Burkett for treatment but later failed to authorize treatment and stopped payment of benefits. Burkett then filed a disputed claim for compensation.

1

After a hearing, the worker's compensation judge (WCJ) gave oral reasons for judgment and rendered judgment in favor of Claimant. Defendants appeal.

## DISCUSSION

Accident

Defendants contend that the trial court erred in finding that Claimant carried his burden of proving the occurrence of the unwitnessed on-the-job accident which resulted in his injury. Defendants note that Claimant signed the "Sign Out Sheet & Disclaimer of Work Related Injuries" at the end of his work day and did not receive treatment until three days later.

> In *Banks v. Industrial Roofing & Sheet Metal Works, Inc.,* 96-2840, pp. 7-8 (La.7/1/97), 696 So.2d 551, 556 (citations omitted) (alteration in original), the supreme court set forth the standard of review in workers' compensation cases as follows:
>
>> Factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review. In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Where there are two permissible views of the evidence, a factfinder's choice between them can never be manifestly erroneous or clearly wrong. Thus, "if the [factfinder's] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently."
>
> To recover workers' compensation benefits, a claimant must establish a "personal injury by accident arising out of and in the course of his employment." La.R.S. 23:1031(A). An "accident" is defined in La.R.S. 23:1021(1) as "an unexpected or unforseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration." In *Bruno v. Harbert International, Inc.,* 593 So.2d 357, 361 (La.1992) (citations omitted), the supreme court explained the claimant's burden of establishing an accident as follows:

> [T]he plaintiff-worker in a compensation action has the burden of establishing a work-related accident by a preponderance of the evidence. A worker's testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. Corroboration of the worker's testimony may be provided by the testimony of fellow workers, spouses or friends. Corroboration may also be provided by medical evidence.
>
> Additionally, in *Bryan v. Allstate Timber Co.,* 98-840, pp. 3-4 (La.App. 3 Cir. 12/16/98), 724 So.2d 853, 855, this court recognized: "When there is proof of an accident and attendant disability, without an intervening cause, it is presumed that the accident caused the disability."

*Istre v. International Maintenance Co., L.L.C.*, 03-1003, pp. 5-6 (La.App. 3 Cir. 2/4/04), 865 So.2d 963, 966-67, *writ denied*, 04-0584 (La. 4/23/04), 870 So.2d 305.

The WCJ in oral reasons for judgment found as follows:

> Mr. Burkett was a credible witness. He did not, during the course of his testimony, either on direct or cross-examination, attempt to avoid any question. He did not appear disingenuous. . . . He did give a good effort to respond directly to the questions asked and appeared worthy of belief in the manner that he answered the questions.
>
> The mechanism of the injury makes sense. He fell, he's not exaggerating. He apparently fell three steps, tool belt hit the knee causing the greater injury to the knee. From a common sense standpoint, it fits. And, the injuries for which he has treated are consistent with is description of the accident.
>
> So, I do find that he did meet his burden of proving the unwitnessed accident by a preponderance of the evidence.

Claimant testified that he reported the accident then signed the sheet because if he did not do so, he would not have been paid. No evidence was offered to contradict Claimant's testimony in this regard. Further, as noted by the WCJ, the medical evidence corroborated Claimant's version of events. There was no evidence of an intervening cause for the injury. Accordingly, we find no error in the trial court's conclusion that Claimant incurred a work-related injury.

Failure to Disclose Pre-Existing Injury

Defendants further assert that the WCJ committed legal error in failing to find that Claimant forfeited his right to benefits by failing to disclose a pre-existing permanent partial disability to his back.

Louisiana Revised Statutes 23:1208.1 provides that:

> Nothing in this Title shall prohibit an employer from inquiring about previous injuries, disabilities, or other medical conditions and the employee shall answer truthfully; failure to answer truthfully shall result in the employee's forfeiture of benefits under this Chapter, provided said failure to answer directly relates to the medical condition for which a claim for benefits is made or affects the employer's ability to receive reimbursement from the second injury fund. This Section shall not be enforceable unless the written form on which the inquiries about previous medical conditions are made contains a notice advising the employee that his failure to answer truthfully may result in his forfeiture of worker's compensation benefits under R.S. 23:1208.1. Such notice shall be prominently displayed in bold faced block lettering of no less than ten point type.

In *Dupuis v. Picard Steel Erectors, Inc.*, 04-172, pp. 4-5 ( La.App. 3 Cir. 9/29/04), 883 So.2d 1092, 1096 (citing *Nabors Drilling USA v. Davis*, 03-0136 (La.10/21/03), 857 So.2d 407), this court described the requirements of La.R.S. 23:1208.1:

> The court stated, "La.R.S. 23:1208.1 provides for forfeiture under three circumstances. There must be (1) an untruthful statement; (2) prejudice to the employer; and (3) compliance with the notice requirements of the statute." *Id*. at 414. The court did not focus on the claimant's untrue statement but on whether it prejudiced the employer. "Thus, it is not every untruthful statement on a medical history questionnaire that will result in the forfeiture of workers' compensation benefits for a subsequent work-related injury. It is only those statements that rise to the level of meeting the statutory proviso of La.R.S. 23:1208.1 that will subject the employee to forfeiture." *Id.* at 414-15.

> For there to be prejudice to the employer, "the untruthful statement must "directly relate '[ ]' to the medical condition for which a claim for benefits is made", or it must affect the employer"s ability to receive reimbursement from the second injury fund.' *Id*. at 415.

The record reveals no previous injury to the left knee. The WCJ with regard to the hip injury, noted that:

> I don't think the records contain any evidence to establish what 1378 requires in the way of a pre-existing permanent/partial disability. And there is nothing from the doctors to say that a current injury to the hip was inevitable or very likely to occur. . . . And so for that reason, I don't find that 1208.1 prohibits any recovery for the hip injury.

Claimant testified that a manager told him not to include his previous injuries when filling out the form. No testimony was introduced to contradict this statement. Additionally, Defendants have not shown prejudice from the failure to inform them of the previous injuries or that they would have been able to make a claim from the Second Injury Fund if they had been informed of the previous injuries. After reviewing the record, we agree with the WCJ that Defendants failed to show the merger of the pre-existing and new injuries which is required to recover under La.R.S. 23:1378. Accordingly, we find no error in the WCJ's refusal to order the forfeiture of benefits.

Temporary Total Disability

Defendants assert that the WCJ erred in awarding temporary total disability benefits based, they argue, solely on Claimant's continued medical treatment. The WCJ made the following oral findings in this regard.

> Mr. Burkett was post surgery on the knee, still receiving regular treatment, medications and has not been released to work yet. And, I realize this goes beyond and talks more toward his ability to work, but clearly he is engaged in somewhat heavy, manual labor in the past. Having had the knee surgery, continuing to have complaints and being on medication, rehab is going to be a little bit difficult. But, because his medical expenses haven't been paid, I think it's difficult for me to do anything but find temporary total disability status at this point in time. I think the medical treatment needs to get up to date, assess where we are; and it may be that it is time to start the vocational process. But at this point, I am going to say temporary total disability and that finding

5

may be modified at the appropriate time; which maybe soon, it may not be.

This court in *Funderburk v. Nabors Drilling USA, Inc.*, 05-1119, pp. 6-7 (La.App. 3 Cir. 4/26/06), 930 So.2d 1058, 1062, *writ denied*, 06-1252 (La. 9/15/06), 936 So.2d 1275, explained the burden of proof for temporary total disability:

> In order to receive temporary total disability benefits, an employee must prove that he is unable to physically engage in any employment or self-employment as a result of his work-related injury. La.R.S. 23:1221(1)(c). The employee's burden of proof is by clear and convincing evidence; thus, [claimant] must prove that his disability is highly probable or much more probable than not. *Carrier v. Debarge's Coll. Junction*, 95-18 (La.App. 3 Cir. 9/27/95), 673 So.2d 1043, *writ denied*, 96-0472 (La.4/8/96), 671 So.2d 337.

However, "[w]hether the claimant has carried her burden of proof and whether testimony is credible are questions of fact to be determined by the WCJ." *City of Shreveport v. Casciola*, 43,132, p. 8 (La.App. 2 Cir. 3/26/08), 980 So.2d 203, 209. The WCJ's findings of fact are subject to the manifest error standard of review. *Id.*

At the time of trial, Claimant had not been released to work, he had not undergone any rehab, and Defendants were refusing to authorize needed medical treatment. *See Haws v. Prof. Sewer Rehab., Inc.*, 98-2846 (La.App. 1 Cir. 2/18/00)763 So.2d 683. Under the circumstances, we find no error in the WCJ's determination that Claimant was temporarily totally disabled.

Calculation of Average Weekly Wage

Defendants argue that Claimant is a day laborer, paid by the day, and that as a result, the WCJ's calculation of the average weekly wage was erroneous.

The WCJ found that although Claimant is a day laborer, he is paid by the hour. After reviewing the record, we agree. The evidence that Claimant was paid by the hour rather than by the day is uncontradicted. Defendants' own pay records show that

6

he was paid by the hour. We further find that the WCJ correctly found that Claimant was entitled to be paid based on a forty hour week. The evidence shows that in most weeks during the year prior to the accident, Claimant worked a forty hour week. *See Sowell v. Process Equip.*, 06-1198 (La.App. 3 Cir. 2/7/07), 948 So.2d 1214, (citing *Dabney v. Boh Bros. Constr. Co.*, 97-1041 (La.App. 4 Cir. 3/11/98), 710 So.2d 1106). Accordingly, we find no error in the average weekly wage calculation.

Penalties and Attorney's Fees

Defendant's next assert that the trial court erred in assessing penalties and attorney's fees in excess of those allowed by statute where the WCJ used an incorrect average weekly wage calculation and where the claim was reasonably controverted at trial.

We note that the determination as to whether an employer should be cast with attorney's fees and penalties is a question of fact that will not be reversed on appeal absent manifest error. *Lambert v. Brookshire Grocery Co.*, 06-1001 (La.App. 3 Cir. 12/20/06), 945 So.2d 918. After reviewing the record, we cannot say that the WCJ erred manifestly in awarding penalties and attorney's fees. The WCJ gave the following reasons for her decision:

> So, penalties and attorney's fees, I think the average weekly wage penalty and attorney's fee is owed since the Brown decision, I think, where the Supreme Court basically indicated if you miscalculate, you're entitled, or the employee is entitled to a penalty and attorney's fee.

> With respect to the termination of benefits, I do find that penalties and attorney's fees are owed; and that is based, in large part, on Claimant's Exhibit #3 which is the answer to Interrogatory #15 which clearly states, "Claimant's indemnity benefits were terminated upon learning from claimant he had falsified his pre-employment questionnaire that he had significant prior problems with the same knee to which he had not advised his employer, claim's handler or his physicians combined with the fact of an unwitnessed accident that was not timely reported."

At the time the benefits were terminated, the employer did not have the skilled counsel that it got once this suit was filed. The termination was made by the adjuster and the reason for the termination is stated in Interrogatory #15. It was the knee combined with the unwitnessed accident. I know that payment of a claim is not an admission of liability, but the fact that the accident was unwitnessed had not prevented payment previously The main reason for the termination of benefits was the knee, not the hip, not the unwitnessed accident and it was a mistake. And, that's 1201(I) discontinuation of payment of claims due.

I do find that it was arbitrary and capricious and without probable cause. I am going to assess the Eight Thousand Dollar ($8,000.00) penalty under "I", as well as a Two Thousand Dollar ($2,000.00) penalty for the average weekly wage calculation for Twelve Thousand Dollars ($12,000.00) (sic) in penalties.

Defendants first argue that the WCJ erred in granting a penalty for miscalculation of the average weekly wage. This argument is based on this court finding that the WCJ erred in ruling that Claimant was an hourly employee. Since this court found no error in this ruling, this argument also fails.

Defendants further argue that they reasonably controverted the claims.

In determining the factual issue of whether an employer's actions are arbitrary and capricious, the manifest error standard of review is applied, and the crucial inquiry is "whether the employer can articulate an objective reason for discontinuing benefits at the time it took the action." *Frith v. Riverwood*, 04-1086, p. 12 (La.1/19/05), 892 So.2d 7, 15.

*Irving v. Transit Mgmt. of SE La., Inc.*, 10-0360 La.App. 4 Cir. 7/20/10), 44 So.3d 796, 799-800.

After reviewing the record, we find no error in the trial court's conclusion that Defendants did not have an actual objective reason for discontinuing benefits at the time they did so. Accordingly, we find no error in the trial court's decision to award penalties in this regard.

However, Defendant's correctly argue that the award of penalties violates the penalty cap of La.R.S. 23:1201(F) which provides that "[t]he maximum amount of penalties which may be imposed at a hearing on the merits regardless of the number of penalties which might be imposed under this Section is eight thousand dollars."

Because the combined penalties exceed the maximum amount allowed under the statute, we amend the total penalty award to eight thousand dollars ($8,000.00). *Mouton v. Walgreen Co.*, 07-1403 (La.App. 3 Cir. 4/2/08), 981 So.2d 75.

Judgment against ESIS

Defendants assert that the trial court erred in rendering judgment against ESIS, who they allege is the third-party administrator for Labor Finder's workers' compensation insurance.

First, we note that ESIS is not named in the judgment. Further, Defendants cite no evidence establishing ESIS's role and cite no law supporting the conclusion that judgment against a third-party administrator is inappropriate in this matter. Accordingly, we find no merit in this assignment of error.

Answer to Appeal

Claimant has answered the appeal asking for additional attorney's fees on appeal. We find that an additional award of two thousand dollars ($2,000.00) is appropriate in this matter.

**CONCLUSION**

For these reasons, the judgment of the Office of Workers' Compensation is affirmed. The award of penalties is amended to eight thousand dollars ($8,000.00) to comply with the penalty cap of La. R.S. 23:1201(F), and we award an additional

9

two thousand dollars ($2,000.00) in attorney's fees on appeal. Costs of this appeal are assessed to Defendants.

**AFFIRMED AS AMENDED.**